UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONY ARMANDO CUQUE BARRERA, by and through his Next Friend MARTHA LORENA CORDERO,

Petitioner,

v.

PAM BONDI, *et al.*,

Respondents.

Case No.:  1:26-cv-02486-KES-CDB (HC)

ORDER GRANTING MARTHA LORENA CORDERO's MOTION TO APPEAR AS PETITIONER'S NEXT FRIEND

(Doc. 2)

ORDER APPOINTING COUNSEL FOR NEXT FRIEND MARTHA LORENA CORDERO

ORDER DIRECTING FILING OF SIGNED PETITION FROM NEXT FRIEND MARTHA LORENA CORDERO

(Doc. 1)

**14-Day Deadline**

ORDER REQUIRING RESPONDENTS TO FILE A RESPONSE

ORDER SETTING BRIEFING SCHEDULE

**21-Day Deadline**

ORDER DENYING NEXT FRIEND MARTHA LORENA CORDERO'S MOTION FOR EXPEDITED REVIEW

(Doc. 3)

Clerk of the Court to Serve Federal Defender

Non-party Pastor Martha Lorena Cordero, proceeding pro se, initiated this action on April 1, 2026, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of her church member, Petitioner Rony Armando Cuque Barrera ("Petitioner"), as well as motions for next friend standing and for expedited review. (Docs. 1–3). Ms. Cordero represents that Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at California City Correctional Center in California City. (Doc. 1 at 1). Respondents are Pam Bondi (Attorney General of the United States), Kristi Noem (Secretary of the Department of Homeland Security), Todd M. Lyons (Acting ICE Director), the unnamed Warden of California City Correctional Center, and ICE. *Id.*

**Discussion**

**A.    Order on Motion for Next Friend Standing and Appointing Counsel**

A person acting on behalf of the individual for whom the petition is filed is known as a "next friend." *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* The person seeking to proceed as a "next friend" on behalf of another must meet two prerequisites: (1) the "'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," as well as "have some significant relationship with the real party in interest." *Id.* at 163-64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases); *see Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.") (citation omitted); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.

1987) (same).  That rule applies in habeas proceedings.  *See United States v. Caputo*, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) ("Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, … the statute does not authorize the 'next friend' to proceed without an attorney."); *Hinojosa v. Warden*, *SATF/SP*, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (same), *recommendation adopted*, 2023 WL 4711303 (E.D. Cal. July 24, 2023).

Local Rule 183(a) provides in relevant part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney.  Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. Local Rule 183(a).

Here, Ms. Cordero has met the prerequisites to proceed as a "next friend" of behalf of her church member Petitioner.  Ms. Cordero filed the petition on behalf of Petitioner and she adequately explains that Petitioner, who is currently detained at the California City Correctional Center, is "unable to file this petition himself due to language barriers, lack of access to legal resources, and the severe limitations of detention[,]" thereby satisfying the first factor in demonstrating why Petitioner is unable to appear on his own behalf.  (Doc. 1 at 1); (Doc. 2 at 1); *Whitmore*, 495 U.S. at 163-64.  Ms. Cordero's representations that she has a "significant, pre-existing relationship" as the pastor of Petitioner and his family and that she filed the petition because she "cannot let a good man suffer alone" satisfies the second prerequisite under *Whitmore*.  *Id.*

Although Ms. Cordero has met the prerequisites to proceed with "next friend" status under *Whitmore*, she herself must be represented by counsel in order to proceed as a "next friend" as a pro se litigant has no authority to appear on behalf of anyone but herself.  *Johns*, 114 F.3d at 877.

There is no constitutional right to counsel in federal habeas proceedings.  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993).

3

However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (prisoners not entitled to appointed counsel "unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").

Notwithstanding Ms. Cordero did not file a motion for the appointment of counsel, because the Court finds Ms. Cordero's petition filed on behalf of Petitioner raises due process concerns regarding Petitioner's detention as set forth below, and Ms. Cordero has satisfied her burden to establish the propriety of her "next friend" status, the Court finds that the interest of justice here require the Court to appoint counsel for Ms. Cordero so she may proceed as "next friend" on behalf of Petitioner. Therefore, the Court will appoint counsel for Ms. Cordero and recognize her as Petitioner's "next friend" to pursue this action on behalf of Petitioner.

**B.      Lack of Signature**

A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242.

The Court notes that the petition is unsigned. *See* (Doc. 1). Under the Federal Rules of Civil Procedure, every pleading must be signed either by an attorney or a party if the party is unrepresented. Fed. R. Civ. P. 11(a). Similarly, this Court's Local Rule 131(b) requires that "[a]ll pleadings and non-evidentiary documents shall be signed … by the party involved if that party is appearing in propria persona." Local Rule 131(b). The Local Rules define a signature as a handwritten signature on a paper document or an electronic signature on an electronically-filed document. Local Rule 100. This Court must strike an unsigned pleading unless the deficiency is promptly corrected after notice to the party. Fed. R. Civ. P. 11(a).

Thus, as the petition is unsigned, the Court must strike it unless the deficiency is corrected. Accordingly, the Court will direct Ms. Cordero to file a signed copy of the petition as set forth below.

**C.      Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United

4

States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner's next friend alleges he has been detained by ICE since January 18, 2026, without a bond hearing, a court date, or any meaningful review of his detention such that his detention violates his constitutional rights. (Doc. 1 at 1-3). According to his allegations, Petitioner fled to the United States from Guatemala after facing violence and has lived in the United States without incident, having obtained an individual taxpayer identification number, filed taxes for the last three years, has no criminal history, working to support his family, and is an active member of his church community. *Id.* at 3. Petitioner alleges that on January 18, 2026, while he was driving home with his wife at a stop sign, ICE arrested Petitioner without a warrant or any explanation and placed in immigration detention. *Id.*

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

Because Petitioner's allegations that he has no open immigration court cases other than matters related to his detention suggest he is not the subject of a final order of removal, and he appears to challenge his immigration detention on constitutional grounds, the Court preliminarily concludes that Petitioner's petition is cognizable under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at California City Correctional Center at the time of filing, and that facility lies within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) ("Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'") (citing 28 U.S.C. § 2241); *see*, *e.g.*, *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024) (holding that

the Eastern District of California exercises jurisdiction over core habeas corpus petitions filed by petitioners confined at a facility within this district).

The Court notes the petition does not allege the governing statutory framework applicable to Petitioner's detention, does not allege whether Petitioner has applied for and was granted asylum, and it appears that Petitioner has resided in the United States "for years" although the petition does not specify the number of years. *See* (Doc. 1 at 3). Thus, the petition does not set forth facts demonstrating whether Petitioner either was encountered by immigration authorities at some point following his entry into the United States and was released, or that Petitioner was never encountered. *Cf. M.F. v. Warden*, No.: 3:25-cv-3599-CAB-MSB, 2026 WL 172509, at *2-3 (S.D. Cal. Jan. 22, 2026) (granting petition, finding that petitioner, who was granted asylum, was indefinitely detained in violation of Fifth Amendment due process) *with. Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, *2 (E.D. Cal. Dec. 2, 2025) (dismissing petition as moot because petitioner was granted asylum, parties waived any appeal rights thereto making the order granting asylum final, and petitioner was released from custody).

Accordingly, the Court will direct Respondents to include with their response to the petition any argument and documents relevant to the propriety of Petitioner's detention, including any documents related to any applicable release from custody (*e.g.*, orders of supervision or order of release on recognizance or immigration bond release), asylum or parole proceedings, and identify any evidence that Petitioner is a flight risk or danger to the community to justify his detention.

### D.    Motion for Expedited Review

Separately, Petitioner has filed a motion for expedited review of the petition by and through his next friend (Ms. Cordero). (Doc. 3). Petitioner does not address whether good cause exists for expedited review. *See id.*

The Court currently does not have before it sufficient information to assess the merits of the petition or the propriety of granting injunctive relief nor a motion for either a TRO or a preliminary injunction to warrant expedited consideration of his request for immediate release from ICE custody. Accordingly, the Court declines to set this matter for expedited briefing and Petitioner's motion thereto will be denied.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Martha Lorena Cordero's motion for next friend standing (Doc. 2) is GRANTED.

2. Martha Lorena Cordero is authorized to proceed in this action as "Next Friend" of Petitioner.

3. Counsel is APPOINTED for Martha Lorena Cordero.

4. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

5. Within seven (7) days of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL:

   a. Identify counsel and send counsel's contact information to the undersigned's courtroom deputy Cori Boren at cboren@caed.uscourts.gov, and counsel will be added as counsel for Martha Lorena Cordero, or

   b. If counsel is not with the Federal Defender nor a member of the Eastern District of California Criminal Justice Act Panel, file a motion to appoint counsel as CJA counsel *pro hac vice*.

6. Next Friend Martha Loreno Cordero SHALL FILE a signed copy of the petition within **14 days** of the date of service of this order.

7. Respondents SHALL FILE a response addressing the merits or seeking dismissal of the Petition within **21 days** of the date of service of this order. Respondents SHALL INCLUDE with the response any and all transcripts or other documents, including documents from Petitioner's A-File (such as notices to appear and orders relating to any release of Petitioner by DHS/ICE) relevant to the resolution of the issues presented in the petition. Habeas Rule 5.

8. Petitioner's TRAVERSE to any Answer or OPPOSITION to any Motion to Dismiss filed by Respondents is due on or before **14 days** from the date Respondents' filing.

9. Petitioner's motion for expedited review (Doc. 3) is DENIED.

All motions shall be submitted on the record and briefs filed without oral argument unless

7

otherwise ordered by the Court.  Local Rule 230(g).  All provisions of Local Rule 110 are applicable to this Order.

IT IS SO ORDERED.

Dated:   **April 3, 2026**

_____
UNITED STATES MAGISTRATE JUDGE