UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rony Armando Cuque Barrera (A-Number: A-221-492-384), | No. 1:26-cv-02486-KES-CDB (HC) |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE |
| v. | |
| PAM BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of the Department of Homeland Security; TODD LYONS, Director of U.S. Immigration and Customs Enforcement; WARDEN of California City Correction Center; U.S. Immigration and Customs Enforcement, | Doc. 1 |
| Respondents. | |

Petitioner Rony Armando Cuque Barrera is an immigration detainee proceeding with a petition for writ of habeas corpus. Docs. 1. The Court has previously addressed the legal issues raised by the petition. *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 13. Respondents "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." Doc. 14 at 1. While respondents oppose the petition, they do not raise

any new arguments. *See id.* at 1–2.[1]

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the petition for writ of habeas corpus is GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner Rony Armando Cuque Barrera (A-Number: A-221-492-384) immediately.  If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    May 19, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] While respondents do not oppose the Court ruling on the petition, respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which it argues could resolve the issues raised here.  *See* Doc. 14 at 2.  But Ninth Circuit precedent counsels against a stay in these circumstances.  *See Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000) (finding district court abused its discretion by indefinitely staying immigrant detainee's habeas case pending resolution of an appeal in another case raising the same issue).  "[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id.* at 1120.  An indefinite, potentially lengthy stay in a habeas case pending an appeal in another case is generally inappropriate. *See id.*  The Court declines to effectively stay this case by deferring a ruling on the petition.